# IN THE COURT OF APPEALS OF IOWA

No. 23-1407
Filed January 9, 2025

**JOEL ZAMORA,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller, Judge.

The applicant appeals the summary denial of his second application for postconviction relief. **AFFIRMED.**

Raya Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., and Ahlers and Badding, JJ. Buller, J., takes no part.

**GREER, Presiding Judge.**

After his convictions for burglary in the first degree, in violation of Iowa Code

section 713.3(1)(b) (2013), and robbery in the first degree, in violation of

section 711.2, Joel Zamora applied two times for postconviction relief (PCR). We

address his second application. The background for the second PCR claim started

> [o]n August 5, 2013, [when] Ofelia Zepeda and her three children
> were in their trailer home in Iowa City [and] two men walked in. Ofelia
> identified one of the men as Joel Zamora. She testified Zamora put
> a gun to her head and asked for money. When she told him she did
> not have any money, Zamora pointed the gun at her children. The
> men took about $2000 from Ofelia's purse. The other man found the
> oldest child's wallet and took his money as well. The men locked the
> children in the bathroom. They taped Ofelia's hands and mouth and
> had her lay down on the floor. They took Ofelia's cell phone and told
> her they would kill her and the children if she called the police.
>         Zamora was charged with burglary in the first degree, in
> violation of Iowa Code section 713.3(1)(b) (2013), and robbery in the
> first degree, in violation of section 711.2. For both offenses the State
> alleged Zamora had a dangerous weapon.

*State v. Zamora*, No. 14-0281, 2015 WL 576017, at *1 (Iowa App. Feb. 11, 2015).

But as for allegations that Zamora used a weapon, the testimony went as follows:

> Ofelia testified the gun "was a small revolver, the one that
> you—the kind that you load with bullets." She stated Zamora first put
> the gun to her forehead, then her temple, then pointed it at her
> children. In the courtroom she identified Zamora as the person who
> pointed a gun at her head. The oldest child, who was twelve at the
> time of the incident, testified the gun "looked like the ones like that
> spin around. The one that look like you can put bullets in there." He
> testified Zamora pointed the gun at his mother and then at him and
> his sisters. In the courtroom the oldest child also identified Zamora
> as the person with a gun.

*Id.* at *2. In the direct appeal, Zamora alleged ineffective assistance of his counsel

because his posttrial motion did not include a substantial evidence challenge over

his use of a dangerous weapon. *Id.* at *1. Our court found that the testimony of

the victims involving Zamora's specific use of the weapon offered sufficient evidence to support the convictions. *Id.* at *2. Procedendo issued on April 9, 2015.

Then in June, Zamora applied for his first PCR; among his challenges were claims of ineffective assistance of counsel including that counsel failed to interview potential witness Juan Orozco or call him as a witness at trial. *See Zamora v. State*, No. 18–0007, 2019 WL 325810, at *4 n.1 (Iowa Ct. App. Jan. 23, 2019). And as to that particular challenge the court noted:

> These contentions are not supported by an adequate argument pursuant to Iowa Rule of Appellate Procedure 6.903(2)(g). Rather, Zamora provides his version of the underlying facts and conclusory statements in support of the allegations of error. On each of these issues, Zamora provides very few, and on some issues no, citations to legal authorities to support his position on appeal. Of the citations to legal authority that are provided, they are only referenced in passing, without any analysis of such legal authority or how it applies to this case or is otherwise on point.

*Id.*

We move to the second PCR application, which Zamora filed on January 11, 2022. Zamora applied as a self-represented applicant. The application was amended by counsel in April 2022 and claimed newly discovered evidence. Zamora asserted:

> This matter turned on whether a jury could find the alleged victims credible. In 2019, Applicant was made aware that a mutual acquaintance of himself and the alleged victims in this underlying criminal matter had information pertaining to his conviction. Juan Orozco informed Applicant that the alleged victims had informed him that they were indeed selling illegal drugs and that the Applicant was not armed with a firearm. This evidence was unavailable to the Applicant at the time as he only learned about it after the conclusion of his first postconviction proceeding. It is more than just cumulative or impeaching because it [goes] to directly contradict what the alleged victims testified to at the criminal trial. Lastly, it could have . . . affected the outcome of the trial since the case primarily rested on the credibility of the alleged victims.

The State moved to dismiss the application for being time-barred, as procedendo on Zamora's direct appeal issued April 9, 2015—more than six years before Zamora filed his second PCR application. *See* Iowa Code § 822.3 (requiring the PCR action to "be filed *within three years* from the date the conviction or decision is final or, in the event of an appeal, *from the date the writ of procedendo is issued*" (emphasis added)). The district court denied the motion to dismiss as summary disposition would be the "more appropriate method of seeking dismissal of the action." So, the State moved for summary disposition asserting Zamora failed to establish any ground of relief to avoid the statute of limitations. But Zamora claims that new evidence exists as in 2020, Juan Orozco told him that Ofelia stated to him that she did not see a weapon on Zamora during the robbery. He resisted the State's motion, providing an unsigned affidavit from Orozco, followed by an affidavit from Zamora's counsel that the unsigned affidavit reflected what Orozco told him. The district court dismissed the second PCR application as untimely because Zamora failed to establish a new ground of fact that would allow his application to escape the time-bar:

> Summary judgment is the time in these proceedings where [Zamora] must show what evidence he has to convince a trier of fact to accept his version of events, and [Zamora] simply has not done so, even though trial is now about a month away. The Court is not persuaded that [Zamora's] counsel's affidavit testimony recalling his conversation with Juan Orozco is sufficient to stand as a specific evidentiary fact showing the existence of a genuine issue of material fact on [Zamora's] claim; [Zamora] and/or his counsel certainly would not be permitted at trial to offer Juan Orozco's testimony into evidence solely based on their own conversations with him.

Zamora appeals that ruling.

"We generally review [PCR] proceedings, including summary dismissals of [PCR] applications, for errors at law." *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). We apply "summary judgment standards to the statute-of-limitations issue." *Id.* at 143. This means "[w]e view the record in the light most favorable to the nonmoving party," *id.* at 142, and only conclude summary disposition was appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Id.* (alterations in original). But, the evidence must contain content that is admissible at trial. *See In re Est. of Klein*, No. 17-1876, 2018 WL 4360997, at *3 (Iowa Ct. App. Sept. 12, 2018) (Danilson, C.J., concurring specially). Using evidence that relies on *what other people told him* cannot be used to avoid summary judgment as those statements are inadmissible hearsay. *See Kindig v. Newman*, 966 N.W.2d 310, 322–23 (Iowa Ct. App. 2021) (holding that "[w]hile evidence need not be in an admissible form at the summary judgment stage, its *content* must be admissible" and concluding statements of inadmissible hearsay could not provide the basis to avoid summary judgment). "Summary judgment is not a dress rehearsal or practice run; 'it is the put up or shut up moment in a lawsuit, when a [nonmoving] party must show what evidence it has that would convince a trier of fact to accept its version of events.'" *Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 808 (Iowa 2019) (alteration in original) (citations omitted).

Here, not only did Zamora raise the importance of providing testimony from Orozco in the first PCR, but in this second round, he failed to present a signed

affidavit or testimony from the witness confirming he had admissible evidence that was critical to establish a new ground of fact that allowed him to bring his otherwise untimely application. We agree with the State that these facts here are very similar to those found in *Armstrong v. State*, No. 21–1132, 2022 WL 2824750, at *2 (Iowa Ct. App. July 20, 2022) (finding statements about an inmate's alleged testimony, unsupported by an affidavit, to be fatal to a summary judgment challenge). While Zamora's PCR counsel did present his own affidavit about what Orozco told him, that was not admissible evidence that could have been presented at trial. And, Zamora knew that Orozco has some information to help his PCR challenge at the time of his first PCR application. So we cannot conclude that the "facts" Zamora relies on for his second PCR application could not have been raised within the statute of limitations with the exercise of due diligence. *See Schmidt v. State*, 909 N.W.2d 778, 799 (Iowa 2018) (explaining that an applicant must prove that they could not have discovered the evidence even through the exercise of due diligence for the ground-of-fact-or-law exception to properly apply); *Moon*, 911 N.W.2d at 152 (stating that diligence means that reasonable effort was made on the part of the applicant). Due diligence cannot be shown here.

We find the second PCR application asserting newly discovered evidence was appropriately dismissed for being time-barred.

**AFFIRMED.**